**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

**TERRY MOON,**

        **Petitioner,**

vs.                               **Civ. No. 06-0423 RB/LCS**

**LORRAINE LEE, Supervisor,
Shiprock Detention Center,**

        **Respondent.**

**MAGISTRATE JUDGE'S PROPOSED FINDINGS
AND RECOMMENDED DISPOSITION**

**THIS MATTER** comes before the Court upon Mr. Moon's Petition for Writ of Habeas Corpus filed May 18, 2006. (Doc. 1.) The United States Magistrate Judge, having reviewed the Petition and having considered the submissions of the parties, the record herein, relevant authorities, and being otherwise fully advised, recommends that Mr. Moon's Petition be **DENIED**.

    **I.**     **PROCEDURAL HISTORY**

    1.     On April 25, 2006, Mr. Moon was arrested and charged on four criminal counts in the District Court of the Navajo Nation, Judicial District of Shiprock, New Mexico: 1) battery, in violation of NAVAJO NATION CODE tit. 17 § 316(A) (1995) of the Navajo Nation Criminal Code; 2) endangering the welfare of a minor, in violation of NAVAJO NATION CODE tit. 17 § 456(A)(1); and 3) two counts of criminal damage, in violation of NAVAJO NATION CODE tit. 17 § 380(A)(1). (*See* Doc. 7, Exs. 3-6.)

    2.     On April 26, 2006, Mr. Moon pled guilty to all charges at an arraignment hearing.

(*Id.*, Ex. 7 at 1.) During this hearing in the Shiprock District Court, the court advised Mr. Moon of his rights under the Navajo Nation Bill of Rights and the Indian Civil Rights Act.[1] (*Id.*, Exs. 7 at 1, Exs. 8-9.) Petitioner stated that he understood both the facts in the criminal complaint and his rights as a defendant. (*Id.* at 5, Ex. 7 at 1.) Due to a lack of jail space, the court released Mr. Moon on personal recognizance; the Navajo Nation, however, moved the court to reconsider releasing Mr. Moon because of the nature of his crimes. (*Id.* at 6, Ex. 7 at 1.) The court granted the motion and temporarily committed Mr. Moon to the Shiprock Adult Corrections Facility pending the sentencing hearing. (*Id.* at 6, Exs. 7, 11.)

3.  Mr. Moon submitted a Prisoner Request Form on May 1, 2006, requesting an opportunity to change his plea, to be released on probation, and to have counsel appointed. (*Id.* at Ex. 12.) The court held a sentencing hearing on June 8, 2006, during which Mr. Moon changed his plea from guilty to not guilty. (*Id.*, Ex. 7 at 1.) Consequently, the court scheduled a bail hearing and appointed counsel to represent Petitioner. (*Id.*) After a continuance due to unavailability of counsel and witnesses, the court held Mr. Moon's bail hearing on June 12, 2006 and denied Mr. Moon's bail request. (*Id.*, Ex. 7 at 2.) Mr. Moon has not had a trial. (*See id.* at 8-9, Ex. 7 at 2.)

4.  Mr. Moon filed the present petition in this Court on May 18, 2006, alleging violations of his rights and praying for certain relief. (Doc. 1.) The Honorable Robert Brack, United States District Judge, held a status conference on May 23, 2006. (Doc. 4.) The Court determined that Mr. Moon's case was not subject to summary dismissal, and directed the Clerk of

---

[1] Transcripts of Mr. Moon's criminal proceedings are not yet available. (*See* Doc. 7 at 9.) The evidence submitted, however, provides the Court with sufficient information to make proposed findings and a recommended disposition of this matter.

Court to substitute Lorraine Lee, supervisor of the Shiprock Detention Center, as the Respondent in this matter. (Doc. 3 at 1.) The Court further ordered Ms. Lee to answer the petition by June 7, 2006. (*Id.*) Because Respondent did not file an answer within the time allotted, the Court entered an Order to Show Cause on June 12, 2006, directing Respondent to "file a response showing cause, if any, why the writ of habeas corpus should not issue and Petitioner be released from custody." (Doc. 5.) Respondent entered a response and answer on June 22, 2006, informing the Court that because of improper service and miscommunication, Respondent was unaware of the Court's previous orders. (Doc. 7 at 1-3.) Respondent's answer asks the Court to dismiss Mr. Moon's habeas petition. (*Id.* at 11.)

    5.  Since filing his Petition, Mr. Moon has filed both new evidence and a reply. (*See* Docs. 6, 10.) Mr. Moon has also been released from the detention center. (*See* Doc. 11 at 1.) In an attempt to discover the status of Mr. Moon's case, and in an effort to learn about issues not covered by the parties in their briefs, the Court set a telephonic status conference. (Doc. 9.) There is no evidence that Petitioner did not have notice of the status conference. Additionally, on July 31, 2006, my chambers informed Mr. Jerry Moon, brother of Petitioner, that Petitioner was required to be present at the hearing. Despite this information, Mr. Terry Moon failed to appear. (Doc. 12.)

  **II.** **ANALYSIS**

Mr. Moon raises the following issues in his Petition:

  I.  The courts of the Navajo Nation and the Bureau of Indian Affairs have violated
     Petitioner's rights by either failing to decide or incorrectly deciding a land dispute.

  II.  The courts of the Navajo Nation have violated Petitioner's rights by unlawfully

        denying him bail.

III.      The Shiprock Adult Corrections Facility has violated Petitioner's rights by denying him access to visitation while he is incarcerated.

IV.      The courts of the Navajo Nation have violated Petitioner's rights by denying him the assistance of counsel.

6.      After reviewing the motions, files, and records of the case, if this Court has any question as to whether the prisoner is entitled to relief, 28 U.S.C. § 2255 directs that I hold an evidentiary hearing to "determine the issues and make findings of fact . . . ."  When reviewing the motions, the Court will liberally construe a *pro se* litigant's pleadings and hold them to a less stringent standard than pleadings drafted by an attorney.  *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (citations omitted).  If the record conclusively shows Movant is not entitled to relief, the Court may deny his § 2255 motion without an evidentiary hearing.  28 U.S.C. § 2255; *United States v. Marr*, 856 F.2d 1471, 1472 (10th Cir. 1988) (citation omitted).

        **A.      Mr. Moon's Petition Is Not Properly Before the Court Under § 2255 Because He Has Not Been Sentenced.**

7.      Mr. Moon has not been sentenced for the crimes he has been charged with; his habeas petition, therefore, is premature.  A habeas petition pursuant to § 2255 is a vehicle for

> [a] prisoner in custody *under sentence* of a court . . . to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack . . . .

28 U.S.C. § 2255 (emphasis added).  Before his release, Mr. Moon was simply being held pending his next hearing; he had not been sentenced for any crimes.  (*See* Doc. 7, Ex. 7 at 2.)

4

Consequently, his claims are not properly before this Court pursuant to § 2255.[2]

### B.     Mr. Moon's First Claim Fails Because the Underlying Land Dispute Is Not Relevant to the Pending Charges.

8.      A habeas petition attacks the sentence for which the petitioner is in custody. Mr. Moon was in custody for battery, criminal damage, and endangering the welfare of a minor. (*See* Doc. 7, Exs. 3-6.) These charges, and any sentence that might be imposed in the future based on the charges, have nothing to do with the underlying land dispute. Further, in the interest of comity, jurisdiction of the underlying land dispute "presumptively lies in the tribal court . . . ." *United States v. Tsosie*, 92 F.3d 1037, 1041 (10th Cir. 1996) (citation and internal quotation marks omitted). The issue is not properly brought before the Court in this petition.

### C.     Mr. Moon's Remaining Claims Fail Because They Are Moot.

9.      Mr. Moon's claims that he was denied bail, visitation rights, and assistance of counsel are now moot because he has been released and has counsel appointed to him.[3] (Doc. 11 at 1-2.) "[A] moot case is one in which the particular controversy confronting the Court has ended." *Eisler v. United States*, 338 U.S. 189, 194 (1949), (Murphy, J. dissenting). Mr. Moon has been administratively released, so the right to bail and the privilege of visitation rights are no longer relevant. (*See* Doc. 11 at 1.) Further, Mr. Moon has been appointed an attorney, Mr. Samuel Pete, who has filed motions on Mr. Moon's behalf and will represent him on the pending charges. (*See id.* at 2.) The relief Mr. Moon seeks no longer presents a question for

---

[2] While the Court does have authority to review a writ of habeas corpus for a pretrial detainee claiming he is being detained without bail or with constitutionally unreasonable bail, the issue is now moot since Mr. Moon has been released. (Doc. 11 at 1.)

[3] And, apparently, the issues are not important enough to Mr. Moon to appear at a court-ordered hearing. (Doc. 12.)

determination by this Court.

### III.  RECOMMENDATION

10.  I recommend that Mr. Moon's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 be **DENIED**.  Timely objections to the foregoing may be made pursuant to 28 U.S.C. § 636(b)(1)(C).  Within ten days after a party is served with a copy of these proposed findings and recommendations that party may, pursuant to § 636(b)(1)(C), file written objections to such proposed findings and recommendations with the Clerk of the United States District Court, 333 Lomas Blvd. NW, Albuquerque, NM 87102.  A party must file any objections within the ten day period if that party wants to have appellate review of the proposed findings and recommendations.  If no objections are filed, no appellate review will be allowed.

_____
**LESLIE C. SMITH**
**UNITED STATES MAGISTRATE JUDGE**